IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-06011-02-CR-SJ-HFS |
| ) | |
| DENISE K. STOTTLEMYRE, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant's Motion for Dismissal of Counts Six Through Eight of the Indictment. For the reasons set forth below, it is recommended that the motion be denied.

I. INTRODUCTION

A. The Indictment

On September 9, 2004, the Grand Jury returned a nineteen count indictment against Michael R. Johns and Denise K. Stottlemyre. Defendant Stottlemyre is charged in Counts One, Six through Eight, Nine through Fourteen and Nineteen. Defendant Stottlemyre seeks dismissal of Counts Six through Eight. These counts provide in part:

COUNTS SIX THROUGH EIGHT

\* \* \*

  2. At all times material to this Indictment, Defendants MICHAEL R. JOHNS and DENISE L. STOTTLEMYRE were agents of Green Hills Rural Development, Inc. (Green Hills RDI), within the meaning of Title 18, United States Code, Section 666(d)(1).

  3. Green Hills RDI was an organization within the meaning of Title 18,

United States Code, Section 666(d)(2).

4. During each of the calendar years 1999, 2000, and 2002, Green Hills RDI received benefits in excess of $10,000 under Federal programs involving grants, contracts, loans and other forms of Federal assistance within the meaning of Title 18, United States Code, Section 666(b).

5. During each of the dates and calendar years described below, at Trenton, in the Western District of Missouri, Defendants MICHAEL R. JOHNS and DENISE L. STOTTLEMYRE did embezzle, steal and otherwise without authority knowingly convert, and cause to be converted, to the use of DENISE L. STOTTLEMYRE and intentionally misapply, and cause to be misapplied, property valued at $5,000 or more in each of the years described below, which funds were owned by and under the care, custody, and control of Green Hills RDI, in the following approximate amounts, consisting of wage payments to Defendant STOTTLEMYRE which had not been authorized or approved by the Board of Directors of Green Hills RDI, and which Defendant JOHNS caused to be paid to Defendant STOTTLEMYRE in the following amounts:

| Count | Dates | Amount of unauthorized wages paid to Stottlemyre |
|---|---|---|
| Six | January 1, 1999 through December 31, 1999 | $5,000.00 |
| Seven | January 1, 2000 through December 31, 2000 | $5,100.00 |
| Eight | January 1, 2002 through December 31, 2002 | $6,000.00 |

Each count in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

(Indictment at 15-17)

B. The Statute

The statute under which defendant Stottlemyre is charged in Counts Six, Seven and Eight, 18 U.S.C. § 666, provides in part:

**§ 666. Theft or bribery concerning programs receiving Federal funds**

(a) Whoever, if the circumstance described in subsection (b) of this

2

section exists–

   (1)   being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof–

   (A)   embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that–

   (i)   is valued at $5,000 or more, and

   (ii)   is owned by, or is under the care, custody, or control of such organization, government, or agency ...

* * *

shall be fined under this title, imprisoned not more than 10 years, or both.

   (b)   The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

* * *

   (d)   As used in this section–

   (1)   the term "agent" means a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative;

   (2)   the term "government agency" means a subdivision of the executive, legislative, judicial, or other branch of government, including a department, independent establishment, commission, administration, authority, board, and bureau, and a corporation or other legal entity established, and subject to control, by a government or governments for the execution of a governmental or intergovernmental program;

18 U.S.C. § 666.

   C.   <u>Standards For Evaluating A Motion To Dismiss</u>

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the

3

accused shall enjoy the right ... to be informed of the nature and cause of the accusation ...." This Constitutional requirement is implemented by Rule 7(c)(1) of the Federal Rules of Criminal Procedure which specifies that "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

An indictment is sufficient if it: (1) contains the essential elements of the offenses charged; (2) fairly informs the defendant of the charges against which he must defend; and (3) enables the defendant to plead an acquittal or conviction in bar of future prosecution for the same offenses. See Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. O'Hagan, 139 F.3d 641, 651 (8th Cir. 1998); United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993), cert. denied, 513 U.S. 831 (1994). The sufficiency of a criminal indictment is determined from its face. There is no summary judgment procedure in criminal cases nor do the rules provide for a pre-trial determination of the sufficiency of the evidence. See United States v. Nabors, 45 F.3d 238, 240 (8th Cir. 1995); United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). Indictments are normally sufficient unless no reasonable construction can be said to charge the offense. See O'Hagan, 139 F.3d at 651.

In determining whether an indictment must be dismissed for failure to state an offense, the Court must look upon the allegations of the indictment as true. See United States v. Sampson, 371 U.S. 75, 78-79 (1962)("Of course, none of these charges have been established by evidence, but at this stage of the proceedings the indictment must be tested by its sufficiency to charge an offense."); United States v. Cadillac Overall Supply Co., 568 F.2d 1078, 1082 (5th Cir.), cert. denied, 437 U.S. 903 (1978)("It must be remembered that in testing the sufficiency of an indictment ... the court must look to the allegations and, taking the allegations to be true, determine whether a criminal offense has been stated.")

## II. DISCUSSION

Defendant argues that because four checks were aggregated to reach a $5,000 figure for 1999 (Count Six), four checks were aggregated to reach a $5,100 figure for 2000 (Count Seven) and five checks were aggregated to reach a $6,000 figure for 2002 (Count Eight), these counts should be dismissed as an improper application of section 666(a)(1)(A). Further, defendant argues that Counts Six, Seven and Eight are duplicitous because the Government has joined four distinct and separate offenses in Count Six, four distinct and separate offenses in Count Seven and five distinct and separate offenses in Count Eight.

The Government responds that amounts taken during a one-year period may be aggregated to reach the $5,000 requirement. Thus, Counts Six, Seven and Eight properly allege violations of section 666 and the motion to dismiss should be denied.

With respect to defendant's argument that Counts Six, Seven and Eight should be dismissed as duplicitous, the Court notes that a duplicitous indictment charges two or more separate and distinct offenses in a single count. See United States v. Nattier, 127 F.3d 655, 657 (8th Cir. 1997), cert. denied, 523 U.S. 1065 (1998); United States v. Wright, 704 F.2d 420, 423 (8th Cir. 1983). While the individual payments listed in Counts Six through Eight might constitute separate offenses under another criminal statute, each of the counts alleges only a single offense under section 666(a)(1)(A). Counts Six, Seven and Eight are, therefore, not duplicitous.

With respect to defendant's argument that section 666(a)(1)(A) does not permit aggregation, defendant cites only one section 666 case in which aggregation is discussed, that is United States v. Valentine, 63 F.3d 459 (6th Cir. 1995). In Valentine, the question presented was whether section 666(a)(1)(A)(i) criminalizes multiple conversions of less than $5,000, if more than one year is

5

needed to reach the $5,000 statutory minimum. Id. at 462. The court found that the statute required the $5,000 theft to occur during a one-year period. Id. at 464. Since the indictment included numerous incidents of theft over a three-year period, the defendant's conviction could not stand. Id. The Valentine court did not find aggregation in itself improper. In fact, the court stated: "There is ample support for allowing the government to aggregate several acts to establish the $5,000 threshold required for prosecution where the multiple conversions are part of a single scheme." Id. at 466 (citing United States v. Sanderson, 966 F.2d 184, 189 (6th Cir. 1992)("under section 666, where multiple conversions are part of a single scheme, it seems appropriate to aggregate the value of property stolen in order to reach the $5,000 minimum required for prosecution").

Other courts have likewise found aggregation appropriate under section 666 where the conversions occur during a one-year period. See United States v. Yashar, 166 F.3d 873, 876 (7th Cir. 1999)("[A]ssume an embezzler stole $500 per month for 10 months. All parties concede that the amounts can be aggregated to meet the $5000 statutory minimum under § 666."); United States v. Wyncoop, 789 F. Supp. 345, 347 (D. Or. 1992)(aggregation proper to meet $5,000 jurisdictional requirement), rev'd on other grounds, 11 F.3d 119 (9th Cir. 1993); United States v. Webb, 691 F. Supp. 1164, 1168 (N.D. Ill. 1988)("aggregation under § 666 is proper, provided that the multiple conversions were part of a single scheme or plan the intent of which was to steal more than $5,000").

On the face of the indictment, it appears that violations of section 666(a)(1)(A) have been alleged in Counts Six, Seven and Eight and that defendant Stottlemyre has been fairly informed of the charges against which she must defend. The indictment contains introductory allegations which specifically set forth the alleged illegal activity. Whether the Government will introduce sufficient

6

evidence to establish that the alleged conversions in each of the subject counts were part of a single scheme, thus making aggregation appropriate, cannot be resolved prior to the Government's presentation of its case to the jury at trial.

### III.  CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion for Dismissal of Counts Six Through Eight (doc #12).

Counsel are reminded they have ten days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same.  A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

          */s/ Sarah W. Hays*
          SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE